Joseph A. Suozzi, J.
This is an application in the nature of a mandamus requiring the respondents to register one Marvin Jerome Short in New Hyde Park Memorial High School so that he may attend classes there as a full-time, free-tuition student.
The student for whom admission is sought is living in the home of the petitioners under the auspices of the Student *217 Transfer Education Program (STEP), which, is designed to enable selected children from Southern communities to live with families in the North in order “to give academically talented students the opportunity to complete their last two years of college preparation in quality high schools.”
This petition was instituted after the respondent school district in September of 1967 refused to register and admit the student. The student is presently registered and attending classes in New Hyde Park Memorial High School pursuant to a temporary order of a Justice of this court pending the determination of this petition.
The pertinent provisions of the Education Law involved in this proceeding are subdivisions 2 and 5 of section 3202, which provide as follows:
“ 2. Nonresidents of a district, if otherwise competent, may be admitted into the school or schools of a district or city, upon the consent of the trustees or the board of education, upon terms prescribed by such trustees or board.”
“ 5. Children cared for in free family homes, and children cared for in family homes at board, when such family homes shall be the actual and only residence of such children or such children have been removed from the custody of their parents by order of the children’s court, shall be deemed residents of the school district in which such family home is located. Other children cared for in family homes at board shall not be deemed residents of the school district in which such family homes are located, but shall receive free tuition in the school district in which such family homes are located, unless the trustees or board of education of such school district shall establish to the satisfaction of the commissioner of education that there is a valid and sufficient reason for refusal to receive such children or that the reception of such children in the school or schools imposes an unreasonable additional operating cost on such school district. In the latter case the commissioner of education may decide that tuition shall be paid for such children ”,
It is the respondents’ contention that the child involved here is a nonresident, and that as such it is entirely within the province of the school board to decide whether or not he should be admitted at all, either as a tuition paying or free tuition student. Assuming without deciding that this contention is valid as to nonresidents generally, as the court reads this statute it is not valid as to nonresidents who may qualify as “ Other children cared for in family homes at board ’ ’ in accordance with the second part of subdivision 5. Such children are presumptively entitled to admission and free tuition unless the *218 school board can justify its refusal to the Commissioner of Education in accordance with the statute.
Dealing for a moment with the first part of subdivision 5, certainly on the facts revealed in this proceeding the child cannot be deemed a resident of the district. The petitioners’ home in which the student is presently residing is not the actual or only residence of the child, and the child has not been removed from the custody of his parents by any order of the Children’s Court.
Therefore the issue to be determined here is whether the child involved is or is not a child cared for in a family home at board within the meaning of the second part of this provision. This is a matter of statutory interpretation, and appropriately a judicial function.
It would appear from the legislative history, the social background and the context of this section that it was designed to remove obstacles in the use of family homes or foster homes in the care of dependent and deprived children, and it is undisputed that a foster child is a “ child cared for in a family home at board ’ ’ within the purview of this section. Admittedly the living arrangements which are the subject .of this proceeding may not have been specifically contemplated by the Legislature when subdivision 5 of section 3202 of the Education Law was originally enacted and later amended. However, this legislation basically reflects a concern of the Legislature that children who because of some deprivation or dependency live away from their parents would receive a proper and adequate education.
The relationship between this child and the petitioners is not dissimilar from that of a foster child and the foster parents with whom he resides. While it may not be a permanent arrangement, neither is that between a foster child and foster parents.
Whereas a foster child is placed with foster parents because of the inability of his natural parents to care for his physical needs, the child here has been placed with his host family presumably because of the inability of his natural parents, in the school district in which they reside, to provide him with an education in an environment in which he can develop his ability and talents to their best and fullest potential. The circumstances and conditions which impelled the boarding of this child with the petitioners reflect a situation of deprivation and dependency which is, in this court’s opinion, encompassed within the social philosophy which underlies this legislation.
*219 In a similar situation, admission was recently sought for a child in the STEP program to a school .in Port Washington. There the school district did not refuse admission, but offered to accept the child if tuition were paid. An appeal seeking free tuition was taken to the Commissioner of Education, who ruled that he was a child cared for in a family home at board located in the school district, and as such was entitled to free education since the school board had failed to show that his attendance at the school would impose an additional operating cost or demonstrate any other valid and sufficient reason for their refusal (Matter of Rosen, No. 7734, decided March 29,1967).
A review of the Commissioner’s decision was sought in the Supreme Court of Albany County. By granting the Commissioner of Education’s motion for dismissal of the school board’s petition, that court upheld the Commissioner’s decision. In so doing the court, relying upon the Court of Appeals’ holding in Matter of Board of Educ. of City of N. Y. v. Allen (6 N Y 2d 127), held that the decisions of the Commissioner of Education are final unless purely arbitrary, which the court found was not the case (Matter of Board of Educ. of Union Free School Dist. No. 4 v. Allen and Rosen, Sup. Ct., Albany County, Special Term Aug. 25, 1967, Conway, J.). Although the court did not make a specific ruling, there is implicit in its holding the court’s concurrence that the child involved was a child cared for in a family home at board within the purview of subdivision 5 of section 3202.
On the basis of the broad language of the section, the failure of the Legislature to provide a more restrictive or precise definition of “ a child cared for in a family home at board ”, and the related purposes and objectives of the foster home and the STEP program, the court concludes and holds that the STEP child involved here is such a child within the meaning of this section.
This judicial determination that he comes within the purview of subdivision 5 of section 3202 presumably entitles this child (1) to admission and (2) to free tuition. However, this is not an absolute right since a school board may still refuse to admit such a child, but the statute imposes upon the board the burden of establishing to the satisfaction of the Commissioner of Education that there is some other valid and sufficient reason for refusal or that the admission imposes an unreasonable additional operating cost on the school district.
Whether the school board has any such valid or sufficient reason or can establish an unreasonable burden upon the school *220 district cannot be determined on the record before this court. However, even if the full facts had been presented here, it would not be within the province and function of this court to pass upon the sufficiency of the board’s purported justification for its refusal, since this is a matter of educational policy exclusively within the province of the Commissioner of Education. It is only when the Commissioner’s decision, after an appeal pursuant to section 310 of the Education Law, is found to be purely arbitrary that the courts may interfere (Matter of Board of Educ. of City of N. Y. v. Allen, supra, Matter of Board of Educ. of Union Free School Dist. No. 4 v. Allen and Rosen, supra).
If respondents persist in their refusal to admit the child, petitioners will be required to pursue their appeal to the Commissioner of Education which is presently pending. In the meantime, since this child is presumptively entitled to admission and is presently attending the school, judgment is granted directing the respondents to allow him to continue to attend the school tuition free until such time as the Commissioner of Education may have adversely determined his right to such attendance, subject to such court review as may be available thereafter.